PER CURIAM.
The Family Law Rules Committee (Committee) has filed an out-of-cycle report under Florida Rule of Judicial Administration 2.140(e), proposing three new family law forms — an Income Deduction Order, a Notice to Payor, and a Notice of Filing Return Receipt.[1] The report states that the Family Law Section of The Florida Bar recognized the need for these forms, collected various forms and orders in use around the state, and submitted a draft of the forms to the Family Law Rules Committee. The forms were approved by the Committee and the Board of Governors of The Florida Bar. The forms were published by the Committee for comment before they were submitted to the Court. No comments were received. After submission to the Court, the forms were again published for comment, and two comments were received. The Committee filed a response to the comments.
The three new forms are meant to enable an individual to implement an income deduction order to obtain court-ordered child support, alimony, and attorney fees. Despite the fact that section 61.1301, Florida Statutes (2009), requires income deduction, no court-approved forms currently exist to fill this need. A self-represented party may be in desperate need of the ordered support but not have the knowledge or expertise to prepare an income deduction order or a notice to payor for submission to the court. These forms will fill that need. Also, over time, employers receiving a standardized form may come to more readily recognize it as a court-approved form, thereby minimizing delay in processing the required deductions.
Upon consideration of the Committee’s proposals, the comments, and the Committee’s responses thereto, we adopt these new forms with one minor modification. Section 61.1301 requires that when the State Disbursement Unit becomes operational, the income deduction order must direct that all payments be made to the State Disbursement Unit. § 61.1801 (l)(b)(8), Fla. Stat. (2009). The State Disbursement Unit is now operational. Thus, the proposed income deduction order directs the payor to “pay the deducted amount to the ‘State of Florida Disbursement Unit.’ “ However, the proposed notice to payor form instructs the payor to pay the deducted amount “to the obligee or to the depository.” This mirrors the current language of section 61.1301(2)(e)(2) and (4), Florida Statutes (2009), but could be confusing to the payor. . Accordingly, we adopt a modified version of the notice *228 to payor form that, consistent with the income deduction order, directs the payor to pay the deducted amount to the “State of Florida Disbursement Unit.”
Accordingly, new Family Law Rule of Procedure Forms 12.996(a), 12.996(b), and 12.996(c) are hereby adopted as set forth in the appendix to this opinion, fully engrossed and ready for immediate use. Additionally, Florida Family Law Rule of Procedure 12.015 (Family Law Forms) is amended to add these three new forms to the list of Florida Family Law Rules of Procedure Forms. New language is underlined; deleted language is struck through. The forms and the amendment to rule 12.015 shall become effective immediately upon issuance of this opinion.
It is so ordered.
QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, LABARGA, and PERRY, JJ., concur.
APPENDIX
RULE 12.015. FAMILY LAW FORMS
(a) Forms Adopted as Rules. The forms listed in this rule shall be adopted by the rulemaking process in Fla. R. Jud. Admin. 2.140. The Family Law Rules Committee of The Florida Bar shall propose amendments to these forms and any associated instructions. These forms shall be designated “Florida Family Law Rules of Procedure Forms.” Forms coming under this provision are:
(1) 12.900(a), Disclosure From Non-lawyer;
(2) 12.900(b), Notice of Limited Appearance;
(3) 12.900(c), Consent to Limited Appearance by Attorney;
(4) 12.900(d), Termination of Limited Appearance;
(5) 12.900(e), Acknowledgment of Assistance by Attorney;
(6) 12.900(f), Signature Block for Attorney Making Limited Appearance;
(7) 12.900(g), Agreement Limiting Representation;
(8) 12.900(h), Notice of Related Cases;
(9) 12.901(a), Petition for Simplified Dissolution of Marriage;
(10) 12.902(b), Family Law Financial Affidavit (Short Form);
(11) 12.902(c), Family Law Financial Affidavit;
(12) 12.902(e), Child Support Guidelines Worksheet;
(18)12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage;
(14) 12.910(a), Summons: Personal Service on an Individual;
(15) 12.913(b), Affidavit of Diligent Search and Inquiry;
(16) 12.913(c), Affidavit of Diligent Search;
(17) 12.920(a), Motion for Referral to General Magistrate;
(18) 12.920(b), Order of Referral to General Magistrate;
(19) 12.920(c), Notice of Hearing Before General Magistrate;
(20) 12.928, Cover Sheet for Family Court Cases;
(21) 12.930(a), Notice of Service of Standard Family Law Interrogatories;
(22) 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings;
(23) 12.930(c), Standard Family Law Interrogatories for Modification Proceedings;
*229 (24) 12.932, Certificate of Compliance with Mandatory Disclosure; and:
(25) 12.990(a), Final Judgment of Simplified Dissolution of Marriage^
(26) 12.996(a), Income Deduction Order;
(27) 12.996(b), Notice to Payor; and
(28) 12.996(c), Notice of Filing Return Receipt.
(b) [No change]
Commentary
[No change]
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.996(a), INCOME DEDUCTION ORDER (3/10)
When should this form be used?
This form should be used in non-Title IVD cases when the court has ordered that support be paid by the obligor’s payor through an income deduction order.
This form includes several blanks that must be filled in as applicable. The obli-gor is the person who is obligated to pay the support ordered by the court and the obligee is the person entitled to receive the support awarded by the court.
In Paragraph 1, one of the three lines must be checked off. The court order that establishes the support award and/or the settlement or mediation agreement entered into between the parties should state the effective date of the Income Deduction Order. The appropriate effective date should be checked off in Paragraph 1.
The blank lines in Paragraph 2 should be completed tracking the same terms of support as are in the court order that establishes the support award and/or the settlement or mediation agreement. The first blank in each line should state the amount of the support payment and the second blank in each line should state the time period that covers said support award. For example, if the child support is $100 per month the first blank would say $ “100 ” and the second blank in that line would say “month ”. Similarly, if the payments are to be payable weekly, then the second blank would say “week If there are any arrearages owed at the time the Income Deduction Order is entered, they must be included in the line for arrears, along with the amount and frequency of the payments due for the arrears, which shall be no less than 20% of the current support obligation. If the payments are to be payable through the State Disbursement Unit, the actual dollar amount of the service fee for the support awarded in your case (4% of each payment not to exceed $5.25 per payment) should be included on the appropriate line.
Paragraph 6 must be completed to show what percentage, if any, of a one-time payment made to the obligor should be applied to any arrearage in support that may be due to the obligee.
What should I do next?
For this order to be effective, it must be signed by the judge. This form should be typed or printed in black ink. After completing this form, you must first send a copy to the other party or his or her attorney, if he or she is represented by an attorney, for approval or objection to the form before you send it to the judge assigned to your case. If the opposing party or his or her attorney, if represented, approves the form order, you may send the original proposed order and two copies to the judge assigned to your case with a letter telling the judge that you have first sent a copy of this proposed order to the opposing counsel or party, if unrepresented, and that they have no objection to the *230 judge signing this order. If the other party or his or her attorney, if represented, has an objection to the proposed order as completed by you, you must tell the judge that you have sent a copy of this proposed order to the opposing party or his or her counsel, if represented, and that they specifically object to the entry of the proposed form Income Deduction Order. You must also send stamped self-addressed envelopes to the judge addressed to you and the opposing party or his or her attorney, if represented. You should keep a copy for your own records. If the judge signs the Income Deduction Order, the judge will mail you and the opposing party (or their attorney) copies of the signed order in the envelopes you provide to the court.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information see section 61.1301, Florida Statutes.
Special Instructions...
When the Income Deduction Order becomes effective (either immediately or delayed until arrearage), you must then also send a copy of the Income Deduction Order to the obligor’s employer along with a Notice to Payor, Florida Family Law Rules of Procedure Form 12.996(b), for the Income Deduction Order to take effect.
It is your responsibility to determine what extra steps and/or forms, if any, must be taken, supplied, and/or filed to insure the Income Deduction Order is implemented.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
[[Image here]]
*231 [[Image here]]
*232 [[Image here]]
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.996(b), NOTICE TO PAYOR (3/10)
When should this form be used?
This form should be used for when an Income Deduction Order has been entered by the Court which is to take effect immediately.
This form should be typed or printed in black ink. After completing this form, the original of this form should be filed with the clerk of the circuit court in the county in which the action is pending. You should keep a copy for your own records.
What should I do next?
A copy of this form, and a copy of the Income Deduction Order, must be sent to the obligor’s payor by certified mail, return receipt requested. The return receipt should be sent to the person that prepared this form so that it can filed with the clerk along with Florida Family Law Rules of Procedure Form 12.996(c) Notice of Filing Return Receipt.
A copy of this form must also be mailed or hand delivered to the other party or his or her attorney.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions *233 are defined there. See Florida Statute section 61.1301.
Special Instructions...
The Obligor’s social security number must be written on the copy of the Notice to Payor that is mailed to the Obligor’s Pay- or. The social security number should not be written on the copy of the Notice to Payor filed with the court.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
[[Image here]]
*234 [[Image here]]
*235 [[Image here]]
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.996(c) NOTICE OF FILING RETURN RECEIPT (3/10)

When should this form be used?

This form should be used when an Income Deduction Order, Florida Family Law Rules of Procedure Form 12.996(a), is entered by the court and a Notice to Payor, Florida Family Law Rules of Procedure Form 12.996(b), has been sent by certified mail to the obligor’s payor. When the post office returns the return receipt to you showing that the obligor’s payor has received the Notice to Payor, you should type or print this form in black ink. After completing this form, you should sign it *236 and attach the return receipt you received from the post office. The original of this form (and the attached return receipt) should be filed with the clerk of the circuit court in the county in which the action is pending. You should keep a copy for your own records.

What should I do next?

A copy of this form must be mailed or hand delivered to the other party or his or her attorney.

Where can I look for more information?

Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see section 61.1301, Florida Statutes.

Special notes...

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
[[Image here]]
*237 [[Image here]]

. We have jurisdiction. See art. V, § 2(a), Fla. Const.